UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID TRENTMAN, individually
& on behalf of all similarly situated,

    Plaintiff(s),

v.

    Case Number _____

RWL COMMUNICATIONS, INC. &
RWL COMMUNICATIONS SE, INC.,

    Defendants.
_____/

## Complaint

1. The Plaintiff(s), David Trentman individually and on behalf of all similarly situated, sue Defendants, RWL Communications, Inc. and RWL Communications SE, Inc. for unpaid overtime. Defendants took illegal kickbacks from their piece rate installers in order to evade the overtime mandates of the Fair Labor Standards Act.

2. RWL Communications, Inc. is a Florida company.

    A. RWL Communications, Inc. was incorporated in 1989.

    B. Robert W. Lee is President of RWL Communications, Inc.

    C. The principal address of RWL Communications, Inc. is 2001 Limbus Ave. Sarasota, Florida.

    D. RWL Communications, Inc. is an authorized contractor for Bright House Networks and Comcast. See Exhibit A – About RWL website.

    E. RWL Communications, Inc. is in the business of cable installation.

1

F. RWL Communications, Inc. conducts cable installation work in Florida and Alabama.

3. RWL Communications SE, Inc. is a Florida company.

A. RWL Communications SE, Inc. was incorporated in 2009.

B. Robert W. Lee is a director of RWL Communications SE, Inc.

C. The principal address of RWL Communications SE, Inc. is 2001 Limbus Ave. Sarasota, Florida.

D. RWL Communications SE, Inc. is an authorized contractor for Bright House Networks and Comcast.

E. RWL Communications SE, Inc. is in the business of cable installation.

F. RWL Communications SE, Inc. conducts cable installation work in Florida and Alabama.

4. RWL Communications, Inc. was the employer of Plaintiff.

5. RWL Communications SE, Inc. was the employer of Plaintiff.

6. Plaintiff worked for Defendants from on or about September 2013 through on or about May 2014.

7. RWL Communications, Inc. employs cable installers.

8. RWL Communications SE, Inc. employs cable installers.

9. RWL Communications, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2011.

10. RWL Communications, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2012.

11. RWL Communications, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2013.

12. RWL Communications, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2014.

13. RWL Communications SE, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2011.

14. RWL Communications SE, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2012.

15. RWL Communications SE, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2013.

16. RWL Communications SE, Inc. had annual gross volume of sales or business done of over $500,000 (exclusive of excise taxes at the retail level that were separately stated) in 2014.

17. RWL Communications, Inc. is an enterprise as defined by 29 U.S.C. § 203(r)(1).

18. RWL Communications SE, Inc. is an enterprise as defined by 29 U.S.C. § 203(r)(1).

19. RWL Communications, Inc. employs employees that handle goods or materials that have moved in interstate commerce.

   A. RWL Communications, Inc. employs employees that handle tools that have moved in interstate commerce.

   B. RWL Communications, Inc. employs employees that handle vehicles that have moved in interstate commerce.

   C. RWL Communications, Inc. employs employees that handle equipment that have moved in interstate commerce.

20. RWL Communications SE, Inc. employs employees that handle goods or materials that have moved in interstate commerce.

   A. RWL Communications SE, Inc. employs employees that handle tools that have moved in interstate commerce.

   B. RWL Communications SE, Inc. employs employees that handle vehicles that have moved in interstate commerce.

   C. RWL Communications SE, Inc. employs employees that handle equipment that have moved in interstate commerce.

21. RWL Communications, Inc. is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

22. RWL Communications SE, Inc. is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

23. RWL Communications, Inc. was Plaintiff(s) employer as defined by 29 U.S.C. § 203(d).

24. RWL Communications SE, Inc. was Plaintiff(s) employer as defined by 29 U.S.C. § 203(d).

25. Defendants are joint employers of Plaintiff(s).

26. Plaintiff(s) worked more than 40 hours a week in one or more workweeks for Defendants in Florida and Alabama.

27. Defendants paid Plaintiff(s) by piece rate.

28. Defendants kept track of the time Plaintiff(s) began an assigned task.

29. Defendants kept track of the time Plaintiff(s) ended an assigned task.

30. Defendants added all assigned task time worked by Plaintiff(s) for the day.

31. Defendants added all assigned task time worked by Plaintiff(s) for the week.

32. Defendants divided the total number of hours identified in paragraph 31 by the total piece rate for the week to obtain a regular hourly rate for Plaintiff(s). See Exhibit B – Sample Paychecks.

33. Defendants paid Plaintiff(s) half of their regular hourly (as calculated in paragraph 32) for all hours recorded over forty hours for the workweek.

34. Defendants paid Plaintiff(s) on a weekly basis.

35. Defendants used a week beginning on Sunday and ending on Saturday.

36. Defendants pay Plaintiff(s) pursuant to 29 U.S.C. § 778.111(a).

37. Defendants paid Plaintiff(s) pursuant to their Piece Rate Pay Policy.

38. Defendants neither paid Plaintiff(s) for drive time between the shop and the first job nor the drive time between jobs.

39. Defendants engaged in a kickback scheme. See 29 C.F.R. § 531.35 ("The wage requirements of the Act will not be met where the employee 'kick-backs' directly or indirectly to the employer or to another person for the employer's benefit the whole or part of the wage delivered to the employee.")

40. Defendants' Kickback Scheme violates Sections 7(a), 7(g) and 15(a)(2) of the Fair Labor Standards Act.

41. Defendants' Kickback Scheme has two prongs.

42. First, Defendants directly took part of Plaintiff(s)' wages.

43. This was accomplished by deducting for equipment and tools used for Plaintiffs' work.

44. The deductions are itemized on the paycheck stubs. See Exhibit B – Sample Paychecks.

45. Second, Defendants indirectly accepted kickbacks by requiring Plaintiff(s) pay gas stations for fuel for their company vehicles.

46. Defendants furnished Plaintiff(s) company vehicles.

47. Plaintiff(s) were required to go to one of Defendants' shops each morning to receive their route and pick up materials. See Exhibit C – Defendants' Locations.

48. Then Plaintiff(s) drove to their jobsites.

49. Plaintiff(s) drove between jobsites.

50. Plaintiff(s) were not paid for "Go Backs."

51. Plaintiff(s) were not paid for work performed at the shop.

52. Plaintiff(s) were not paid for drive time during the work day.

53. Plaintiff(s) estimate expending approximately $40 to $120 in fuel each week for the benefit of Defendants.

54. Defendants did not reimburse Plaintiff(s) for gas.

55. Due to the Kickback Scheme Plaintiff(s) did not receive their wages free and clear.

56. Defendants applied its Kickback Scheme to all of its installers in Florida and Alabama.

54. The Kickback Scheme violates the Fair Labor Standards Act.

55. Plaintiff(s) were installers for Defendants in Florida and Alabama.

56. Plaintiff(s) were paid pursuant to a Piece Rate Pay Policy.

57. Plaintiff(s) did not receive all of their wages free and clear due to Defendants' Kickback Scheme.

58. The named Plaintiff worked for Defendants out of their Ft. Myers office.

59. The named Plaintiff worked many hours for Defendants in Lee County, Florida.

60. Venue is appropriate in the Fort Myers Division, because the named Plaintiff worked in Lee County, Florida and Defendants conduct business in Lee County.

61. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

62. Within the last three years Defendants have employed over one hundred cable installers.

63. The cable installers have been paid and continue to be paid pursuant to Defendants' Piece Rate Pay Policy.

64. The cable installers identified in paragraphs 62 and 63 are subject to Defendants' Kickback Scheme.

65. All cable installers of Defendants paid pursuant to the Piece Rate Pay Policy are similarly situated to the named Plaintiff.

66. As of February 10, 2015, Defendants advertised cable installer positions in the following Florida towns Avon Park, Leesburg, Fort Myers, Panama City and Tallahassee, as well as in Dothan, Alabama. See Exhibit D – Job Announcements.

67. The Job Announcements exhibit that the job duties and terms of pay for Defendants' cable installers are similar regardless of location.

68. Defendants pay their cable installers pursuant to their Piece Rate Pay Policy.

69. Defendants' Piece Rate Pay Policy includes a Kickback Scheme which violates the Fair Labor Standards Act.

70. Plaintiff(s) worked overtime hours without proper overtime pay.

71. Defendants owe all of their cable installers free and clear overtime for the same reasons they owe the named Plaintiff.

72. Defendants willfully violated the Fair Labor Standards Act.

73. Defendants acted in reckless disregard of the Fair Labor Standards Act.

74. Defendants did not consider 29 C.F.R. § 541.35 in implementing their Piece Rate Pay Policy.

75. Defendants did not consider 29 C.F.R. § 531.2(c) in implementing their Piece Rate Pay Policy.

76. Defendants did not consider 29 C.F.R. § 531.3(d)(1) in implementing their Piece Rate Pay Policy.

77. Defendants continue their Kickback Scheme.

78. Defendants do not have a basis in the Fair Labor Standards Act for not reimbursing Plaintiff(s) for gas.

79. Defendants do not have a basis in the Fair Labor Standards Act for charging Plaintiff(s) for tools and equipment.

80. Plaintiff files his written consent to be Party Plaintiff. See Exhibit E – Written Consent.

Wherefore, Plaintiff demands that notice of this lawsuit go to all similarly situated employees, judgment, all unpaid overtime at the correct rate, liquidated damages, attorneys' fees and costs.

Respectfully submitted this 10th day of February 2015,

/s/ *Bernard R. Mazaheri*
Bernard R. Mazaheri
Florida Bar Number 643971
Morgan & Morgan
20 N Orange Ave Ste 1600
Orlando, FL 32801
Tel – (407)420-1414
Fax – (407)245-3487

Attorney for Plaintiff(s)