UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID TRENTMAN, individually
And on behalf of all similarly situated

    Plaintiff,

v.                                                     Case No.: 2:15-CV-00089-SPC-CM

RWL COMMUNICATIONS, INC., &
RWL COMMUNICATIONS SE, INC.,

    Defendants.
_____/

**DEFENDANTS' RESPONSE IN OPPOSITION TO**
**MOTION FOR CONDITIONAL CERTIFICATION**

Defendant(s), RWL COMMUNICATIONS, INC., and RWL COMMUNICATIONS SE, INC., ("Defendants"), by and through undersigned counsel, hereby files this Response in Opposition to Plaintiff's Motion for Conditional Certification, and states the following in support.

**I.   INTRODUCTION**

Plaintiff's Motion for Conditional Certification should be denied. The "lenient" standard for conditional certification of a collective action under the FLSA has not been met. In his Motion, Plaintiff is careful to allege all of the requirements necessary to certify a class. However, Plaintiff understates his burden and distorts or misrepresents the factual record. Even assuming the "similarly situated" prong of the analysis is satisfied, the Court should not certify a class where there is no evidence, at this point, that there is a sufficient interest in the litigation. Plaintiff's Motion relies upon a single opt-in notice. Furthermore, the Declaration of the Plaintiff Trentman contains unsubstantiated opinions and assertions indicating that he believes other employees would be interested in litigation.

The proposed notice attached to the Motion is also inappropriate. First, the Plaintiff has

attached a "reminder" notice that he proposes be sent to potential opt-in plaintiffs. Sending a "reminder" notice to the potential opt-in plaintiffs is inappropriate and should not be permitted. Second, the Notice, contains language that improperly suggests that the Defendant has in fact violated the provisions of the FLSA and that the Court condones the legal action.

## II.     FACTUAL BACKGROUND

The Complaint in this Matter was filed on February 11, 2015. [D.E. 1]. To date, only one consent to join has been filed. [D.E. 4]. There is no other competent evidence which exists that would demonstrate that, at this point, there is sufficient interest in joining the putative collection action.

Plaintiff contends he and other employees of Defendants were not paid proper compensation for overtime and "unproductive" time in violation of the FLSA. Defendants dispute this allegation to show the Court that there will not be any other similarly situated employees who wish to join this action. Defendants' cable technicians are compensated on a piece rate basis, including Plaintiff Trentman. [Declaration of Robert Schmitz ¶ 3, attached hereto as Exhibit A]. Plaintiff was compensated for any hours he worked over 40 hours in a work week. [*Id.*]. Plaintiff and all other technicians were compensated for time spent at the shop and for drive time between service calls. [*Id.* at ¶ 4].

## III.    LEGAL STANDARD

Plaintiff bears the burden of proving that conditional certification is warranted. *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d at 1219 (11th Cir. 2001) (citing *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996)). In weighing the sufficiency of Plaintiff's request for conditional certification, "the district court should satisfy itself that there are other employees. . . who desire to 'opt-in' and who are 'similarly situated'" to the plaintiff. *Id.* This burden is low, but

it is by no means "invisible." *Simpkins v. Pulte Home Corp.*, 2008 WL 3927275, *2 (M.D. Fla. Aug. 21, 2008). Plaintiff strongly suggests that the Court should avoid reviewing any facts to make the conditional certification determination. Then, Plaintiff proceeds to make unsupported allegations that Defendant has violated the FLSA. Plaintiff's "unsupported allegations that FLSA violations were widespread and that additional plaintiffs exist are insufficient to meet plaintiffs' burden." (*Id.*)(citing *Haynes v. Singer, Co., Inc.,* 696 F.2d 884, 887 (11th Circ. 1983)).

## IV.     PLAINTIFF HAS FAILED TO MEET HIS BURDEN OF SUFFICIENT INTEREST

Plaintiff's Motion for Conditional Certification should be denied, because he has failed to show sufficient interest in joining the putative class. Plaintiff relies heavily on *Smith v. Cable Wiring Specialists, Inc.*, 2014 WL 4795160 (M.D. Fla. Sept. 25, 2014) to show that Plaintiff's declaration and one Opt-in form are sufficient for conditional class certification. However, the *Smith* case and its motion for conditional certification are distinguishable from the instant Motion and the Declaration of Plaintiff Trentman.

For example, in *Smith*, the plaintiff offered evidence that the defendant had eleven (11) prior FLSA cases involving former employees. The *Smith* plaintiff also provided a list of eight (8) other employees they believed "would likely join the case if given notice." In the instant case, Plaintiff has not alleged or identified a single prior or existing overtime case brought against Defendants. Moreover, both the Complaint and the Declaration of Plaintiff Trentman are completely devoid of any facts, details or evidence indicating to any degree of specificity that other allegedly aggrieved technicians wish to join a lawsuit. In fact, both the Complaint and the Declaration contain precisely the conclusory and unsupported allegations that should not be relied upon in a case involving conditional class certification.

It is well-established that conclusory statements in affidavits combined with minimal or

nonexistent opt-ins will not be sufficient to meet the burden of proof necessary for class certification. "In order to proceed collectively, Plaintiff must first offer some evidence, other than the conclusory statements in the present affidavits, that there are similarly situated employees . . . who want to join this action." *Gomez v. United Forming, Inc.*, 2009 WL 3367165, *2 (M.D. Fla. Oct. 15, 2009). The burden is minimal, but "[a] minimal burden should not be confused with a nonexistent burden." *Goodrich v. Covelli Family Ltd. P'ship*, 2012 WL 1081473, *3 (M.D. Fla. March 30, 2012). "[U]nsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify" conditional certification and authorize notice to a potential class. *Mackenzie v. Kindred Hosps. East, L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D. Fla. 2003).

Here, the Plaintiff's Motion should fail for two reasons relating to demonstrating the existence of interested putative members of the collective action. First, there is only one opt-in Plaintiff that has consented to joining the class. In the Middle District of Florida, this is inadequate. This Court has previously held that one opt-in is not sufficient to demonstrate the requisite interest in joining the lawsuit. *Kessler v. Lifesaver Service Providers, LLC*, 2007 WL 1531395, *3 (M.D. Fla. 2007). *See also, Hart v. JPMorgan Chase Bank, N.A.*, 2012 WL 6196035, n.10 (M.D. Fla. Dec. 12, 2012) (rejecting showing of sufficient interest where 11 potential members were identified); *Gonzalez v. Hair Club for Men, Ltd., Inc.*, 2007 WL 1079291, at *3-4 (M.D. Fla. 2007) (rejecting certification and denying motion as failing to show sufficient interest from similarly situated individuals, where only two consents to join had been filed).

Plaintiff's Motion identifies a number of cases from throughout the United States with low numbers of required potential plaintiffs [D.E. 10, pg. 13-14], but the Middle District of Florida opinion Plaintiff cites required three potential opt-ins. Here, Plaintiff has not even met that meager figure, as only one solitary consent to join has been filed.

Secondly, and equally important, the Plaintiff's evidentiary burden has not been met, because the Plaintiff's declaration contains only vague and ambiguous allusions to potential opt-ins. For example, Plaintiff states, "[t]here are other Cable Installers just like me who are paid piece-rates plus overtime but who were not paid for all hours worked and who were subject to Defendants' illegal Kickback Scheme." [Declaration of David Trentman; 3,¶ 21]. Plaintiff also makes vague statements without any factual support, such as, "[s]everal of them have told me they are interested in pursuing their own claims for overtime." [*Id.*; 2 ¶ 19]. The imprecise references to what other people told Plaintiff lack any degree of specificity and are unreliable hearsay. This is precisely the type of language that has been condemned as not providing sufficient evidentiary support for a motion to certify a class.

Plaintiff's Motion lacks the inclusion of specific facts demonstrating interest or concrete examples of other similarly situated employees who desire to opt-in. The Middle District has repeatedly held Motions for Conditional Certification without factual support to be insufficient to justify conditional class certification, and this Court has recently restated this proposition:

> **belief** in the existence of other employees who desire to Opt-in and **"unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify"** certification of a collective action and notice to a potential class.
> *Hart v. JPMorgan Chase Bank, N.A.*, 2012 WL 6196035, *4 (M.D. Fla. Dec. 12, 2012) (citations omitted) (emphasis added).

The language used in the Declaration is a glaring example of the inconclusive allegations that Courts in this District have held as insufficient, and the Court should not give the Declaration much weight, if any, in its decision on whether to certify a collective action. Given that there is essentially no credible evidence of interest except for the single consent that has been filed, a collective action should not be certified.

### V.     THE PROPOSED NOTICE AND OPT-IN PAPERS SHOULD BE MODIFIED

In the *Smith* case, Judge Steele issued an order rejecting nearly identical language to that of the Notice proposed by Plaintiff here.

#### a.     A Reminder Notice is Inappropriate.

Plaintiff should not be permitted to send a reminder notice indicating that the joinder or opt-in deadline is approaching or send a second notice. *See Anish v. National Sec. Corp.*, 2012 WL 3818283, *2 (S.D. Fla. 2012). After an initial notice has been sent to potential opt-in plaintiffs, "a reminder notice is unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit." *Id.* at *2. *See also, Cooper v. East Coast Assemblers, Inc.*, 2013 WL 308880, *4 (S.D. Fla. 2013). This District has recently held the same. *Palma v. Metropcs Wireless, Inc.*, 2014 WL 235478 (M.D. Fla. 2014) (stating, "sending them a 'reminder' is redundant.").

#### b.     Statements Referencing Defendants' Policies are Inappropriate, As They Tend to Imply That the Court Condones the Plaintiff's Position.

In addition, page 2, section 4 of the Notice, and any other proposed language referencing Defendants' pay policies is inappropriate. Specifically, that language states, "(5) **by virtue of Defendants' pay policies** did not receive proper overtime compensation in weeks when they worked more than forty (40) hours" [D.E. 10-1, pg. 2]. Referencing the Defendant's pay policies in this context, strongly implies that the Court finds merit in the lawsuit, and that the Defendants' pay policies have already been deemed unlawful. Here, there is a danger in recipients incorrectly inferring that the Court is stating that Defendants' pay policies were in fact unlawful, which would then result in unintended "encouragement by the Court to join the lawsuit." *Anish*, *supra*. That is particularly the case where that implication would directly conflict with the earlier warning in the notice that "[t]he Court has taken no position regarding the merits of the claims or defenses of the parties." [D.E. 10-1,

pg. 1].

    c.    **The Notice Improperly Implies That Liability Has Been Established.**

Notwithstanding statements in the Notice that the Court has not taken a position on the merits, the first paragraph of the Notice reads that it is sent to **"ALL PERSONS . . . WHO "DID NOT RECEIVE PROPER OVERTIME COMPENSATION IN WEEKS WHEN THEY WORKED MORE THAN FORTY (40) HOURS.]"** It is then followed in the next paragraph by the statement that the "notice and its contents" have been authorized by the United States District Court for the Middle District of Florida. There has been no finding that proper overtime compensation has not been paid; rather, these are simply allegations. The Notice improperly implies that there has been an actual finding of improper payment. We suggest the Notice should have language similar to that approved in *Joiner v. Groupware, Intern., Inc.*, 2010 WL 2136533 (M.D. Fla. 2010), which bears a factual similarity to this lawsuit in that it also involved cable installers paid on a piece rate basis. The approved language of the Notice in that case stated:

> "ALL CURRENT AND FORMER CABLE INSTALLERS (TECHNICIANS) EMPLOYED BY GROUPWARE INTERNATIONAL, INC., DURING THE PAST THREE (3) YEARS AND WHO RECEIVED A PRE–DETERMINED AMOUNT OF PAY ACCORDING TO THE JOB PERFORMED, I.E., PAID A 'PIECE RATE,' AND DID NOT RECEIVE ADDITIONAL PAY FOR ALL OVERTIME HOURS WORKED IN EXCESS OF FORTY (40) WITHIN A WORK WEEK PURSUANT TO THE FAIR LABORS STANDARD ACT."

Similar, neutral language should be used in this case with the appropriate time frames and descriptions.

    d.    **The Notice Fails to Warn Potential Opt-In Members of the Potential For Costs.**

The Notice improperly implies that there is no risk whatsoever that a potential member could be liable in the event the Plaintiff is not successful. Instead, the Notice provides that the Plaintiffs may be entitled to receive payment of fees and costs if there is a judgment in Plaintiffs' favor,

[D.E. 10-1, pg. 3 sec. 6], but then omits any reference to potential liability if the Plaintiffs are not successful, by stating, "[i]f there is no recovery or judgment in Plaintiffs' favor, you will not be responsible for any party's attorneys' fees." [D.E. 10-1, pg. 4 sec. 6]. A potential collective action member should be put on notice that, if the lawsuit is not successful, the Defendant can seek reimbursement for costs. *Sealy v. Keiser School, Inc.*, 2011, *4 7641238 (S.D. Fla. 2011).

## VI.  CONCLUSION

The Motion for Certification should be denied in its entirety. Alternatively, assuming the Motion is granted, the Notice should be modified accordingly.

Respectfully Submitted this 17th Day of April, 2015.

> */s/Jason L. Gunter*
> Jason L. Gunter
> Florida Bar No. 0134694
> Jason@gunterfirm.com
> Conor P. Foley
> Florida Bar No. 111977
> Conor@gunterfirm.com
> JASON L. GUNTER, P.A.
> 1625 Hendry Street, Suite 103
> Ft. Myers, FL  33901
> Telephone:  (239) 334-7017
> Facsimile:  (239) 244-9942
> *Counsel for Defendants*


## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that I have electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system this  17  day of April, 2015.

              */s/Jason L. Gunter*
              Jason L. Gunter
              Florida Bar No. 0134694
              Jason@gunterfirm.com
              Conor P. Foley
              Florida Bar No. 111977
              Conor@gunterfirm.com
              JASON L. GUNTER, P.A.
              1625 Hendry Street, Suite 103
              Ft. Myers, FL  33901
              Telephone:  (239) 334-7017
              Facsimile:   (239) 244-9942
              *Counsel for Defendants*

# EXHIBIT

# A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID TRENTMAN, individually
And on behalf of all similarly situated

    Plaintiff,

v.                                                  Case No.: 2:15-CV-00089-SPC-CM

RWL COMMUNICATIONS, INC., &
RWL COMMUNICATIONS SE, INC.,

    Defendants.
_____/

## DECLARATION OF ROBERT SCHMITZ

I, ROBERT SCHMITZ, declare as follows:

1. My name is ROBERT SCHMITZ. I am over the age of eighteen years and competent to give this Declaration. I am the Vice-President of RWL Communications, Inc., and RWL Communications SE, Inc., the Defendants in this action. All facts contained in this Declaration are within my personal knowledge, and, where indicated, from certain business records, all of which were created and kept under my final supervision and control.

2. RWL Communications, Inc. is in the cable installation business in Florida and a limited operation in Alabama, consisting of five employees.

3. We compensate our cable technicians on a piece rate basis in compliance with 29 U.S.C. § 778.111(a). At the end of each seven (7) day workweek, RWL Communications, Inc. aggregates all amounts earned and divides it by the number of hours worked per week, to reach the regular rate of pay for that workweek. That rate is paid for each hour worked in the workweek up to and including forty (40). Any and all hours over forty (40) in a workweek are paid at the rate of one and one-half (1 ½) times the regular rate of pay.

4.  We compensate our cable technicians for drive time, and for time spent at the shop each day.

5.  I am not aware of any employees of RWL Communications, Inc., or RWL Communications SE, Inc., who have complained about not being paid statutory overtime compensation for all overtime hours worked. I was not aware of Mr. Trentman's concern in that regard until this action was served, nor of Mr. Lannin's concern until his "opt-in" was sent to me by our attorney.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 4-17-15

Robert SCHMITZ