UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID TRENTMAN, individually and on
behalf of all similarly situated,

        Plaintiff,

v.                                          Case No:   2:15-cv-89-FtM-38CM

RWL COMMUNICATIONS, INC. &
RWL COMMUNICATIONS SE, INC.,

        Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff David Trentman's Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216 (Doc. #10) filed on February 25, 2015.  The Court granted Defendants RWL Communications, Inc. and RWL Communications SE, Inc. ("Defendants") an extension of time to file a response, which they did on April 17, 2015.  (Doc. #18).  Thus, this motion is ripe for review.

## BACKGROUND

Plaintiff brings this case against Defendants, his former employers, on his behalf and on behalf of other similarly situated individuals for unpaid overtime compensation

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201-19. (Doc. #1). Since Plaintiff initiated this case, James Lannin, John Grace, and Kelly Miller have filed consent documents to join this action. (Doc. #4-1; Doc. #19-1; Doc. #21-1). The underlying facts to this suit, as set forth in the Complaint, are as follows.

Defendants provide cable installation services throughout Florida and Alabama, and Plaintiff worked as a cable installer from September 2013 to May 2014 at Defendants' Fort Myers, Florida location. (Doc. #1 at ¶¶ 2-6, 25-26, 58; Doc. #10-4 at ¶ 7). At all relevant times, Defendants paid their cable installers on a piece-rate basis and paid overtime premiums at half-time rate. (Doc. #1 at ¶¶ 27-33, 36-37, 56).

Here, Plaintiff alleges that Defendants' wage and hour policies for cable installers violate the FLSA. Plaintiff specifically asserts that Defendants' piece-rate pay policy does not fully compensate cable installers for all hours worked, which in turn deprives them of appropriate overtime compensation. (Doc. #1 at ¶¶ 28-33, 38; Doc. #10 at ¶ 14; Doc. #10-4 at ¶¶ 15, 23). Plaintiff further contends that the overtime premiums exclude so-called unproductive hours worked, such as hours spent driving between job worksites, working at the shop, and completing "go backs" (when a customer reported a problem on an installation that they had already been billed). (Doc. #1 at ¶¶ 28-33, 38; Doc. #10 at ¶ 13; Doc. #10-4 at ¶¶ 15-16). Lastly, Plaintiff alleges that Defendants employ an unlawful "kickback scheme" whereby they deduct cable installers' use of company-issued tools and equipment from their wages and do not reimburse cable installers for gasoline purchased for company vehicles. (Doc. #10 at ¶ 15; Doc. #10-4 at ¶¶ 17-18). Because of these policies, Plaintiff argues that Defendants deprived him and his fellow cable

installers of adequate pay.  Defendants dispute Plaintiff's allegations.  ([Doc. #13](); [Doc. #18 at 2]()).

Plaintiff now seeks an order conditionally certifying this case as a FLSA collective action.  ([Doc. #10]()).  Plaintiff's proposed class covers current and former cable installers who work(ed) for Defendants between February 2012 and the present, who worked more than forty (40) hours per week, and were paid "piece-rate" plus overtime less any "kickbacks" for equipment, tools, fuel, and "go backs."  ([Doc. #10 at 22]()).  Defendants oppose conditional certification, arguing that Plaintiff has not shown a sufficient interest in this litigation by similarly situated cable installers.  ([Doc. #18 at 2-5]()).  If the Court grants conditional certification, Defendants alternatively move the Court to modify Plaintiff's proposed class notice.  ([Doc. #18 at 6-8]()).

## **DISCUSSION**

### A.  **Conditional certification standard**

The FLSA permits employees to bring collective actions against employers accused of violating the statute's overtime provisions.  [29 U.S.C. § 216(b)]() ("An action . . . may be maintained against any employer . . . by one or more employees for and on behalf of himself or themselves and other employees similarly situated.").  Participants in FLSA collective actions must affirmatively "opt-in" to the suit by filing "consent in writing to become such a party" with the court where the suit is pending.  Id.  "That is, once a plaintiff files a complaint against an employer, any other similarly situated employees who want to join must affirmatively consent to be a party and file written consent with the court."  [Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259 (11th Cir. 2008)]() (citation omitted).

This Court follows a two-tiered procedure in determining whether to certify a collective action under § 216(b). See Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n.2 (11th Cir. 2003) (citing Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218 (11th Cir. 2001)). The first tier, known as the notice stage, is relevant here. At the notice stage, the district court "conditionally certifies" a class and authorizes notice to be sent to potential class members. See Hipp, 252 F.3d at 1218-19. The court usually bases its decision on the pleadings and any affidavits submitted in support of conditional certification. See Cameron-Grant, 347 F.3d at 1243. "The court must also determine whether there are other employees who desire to opt-in and whether those employees are similarly situated." Ciani v. Talk of The Town Restaurants, Inc., No. 8:14-cv-2197, 2015 WL 226013, at *2 (M.D. Fla. Jan. 16, 2015) (citations omitted)). The court makes this determination using a "fairly lenient standard." Hipp, 252 F.3d at 1218. Once additional class members join and discovery closes, the court proceeds to the second tier, where it decides whether the original and opt-in plaintiffs are truly similarly situated. See id. at 1218-19.

With these principals in mind, the Court turns to Plaintiff's request for conditional certification.

**B. Conditional certification analysis**

    1. <u>Other individuals seek to join the suit</u>

The record reflects one named plaintiff, David Trentman, and three opt-in plaintiffs, James Lannin, John Grace, and Kelly Miller who have all filed consent documents to join this action. (Doc. #4; Doc. #19; Doc. #21-1). Although there is no magic number requirement for the notice stage, the presence of three opt-in plaintiffs who affirmatively

state their desire to join in this suit and that they were paid under Defendants' pay policies at issue, satisfies the Court that others desire to join in the action. (Doc. #4-1; Doc. #19-1; Doc. #21-1); see also Ciani, 2015 WL 226013, at *2-3 (granting FLSA conditional certification upon considering affidavits from two employees who also complained of the defendant's pay policies); Robbins-Pagel v. WM. F. Puckett, Inc., No. 6:05-cv-1582, 2006 WL 3393706, at *2 (M.D. Fla. Nov. 22, 2006) (finding three affidavits alleging claims of unpaid overtime was sufficient to establish that other individuals were interested in joining the action).  Under the "fairly lenient standard" appropriate at this stage of the proceedings, the Court finds that Plaintiff has sufficiently shown that other cable installers have an interest in this litigation.

    2. <u>Employees are similarly situated</u>

Before providing notice, the named-plaintiff need only show a "reasonable basis" for the claim that the proposed class members are similarly situated.  See Morgan, 551 F.3d at 1260; see also Simpkins v. Pulte Home Corp., No. 6:08-cv-130, 2008 WL 3927275, at *5 (M.D. Fla. Aug. 21, 2008) ("[T]he plaintiffs bear the burden at all times to demonstrate that the class is similarly situated." (citation omitted)).  This burden is "not particularly stringent, fairly lenient, flexible, not heavy, and less stringent than that for joinder under Rule 20(a) or for separate trials under 42(b)."  Morgan, 551 F.3d at 1260 (citations omitted).  Although not heavy, the court needs more than unsupported assertions of FLSA violations.  See Simpkins, 2008 WL 3927275, at *2; Brooks v. Rainaldi Plumbing Inc., No. 6:06-cv-631, 2006 WL 3544737, at *2 (M.D. Fla. Dec. 8, 2006). "Evidence of similarly situated employees who desire to opt in may be based on affidavits of other employees, consents to join the lawsuit filed by other employees, or expert

evidence on the existence of other similarly situated employees." Hart v. JPMorgan Chase Bank, N.A., No. 12-cv-00470, 2012 WL 6196035, at *4 (M.D. Fla. Dec. 12, 2012) (citations omitted). For purposes of defining the "similarly situated class" under § 216(b), the plaintiffs need only show that the defined class is comprised of representatives who are similarly situated to the plaintiffs as to their "job requirements and pay provisions." Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1567-68 (11th Cir. 1991); see also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (stating, at the notice stage, "[p]laintiffs need only show 'that their positions are similar, not identical,' to the positions held by the putative class members" (citations omitted)).

Defendants do not object that Plaintiff has sufficiently shown that their wage policies at issue are common to all cable installers in the proposed class to warrant conditional certification. Upon review of the existing record, the Court is satisfied that Plaintiff has provided a reasonable basis for his assertion that the proposed class is similarly situated. Accordingly, the Court finds that conditional certification is warranted.[2]

The Court now turns to the content and dissemination of the proposed class notice. (Doc. #10-1); see Hipp, 252 F.3d at 1218 (providing if conditional certification is granted, putative class members are given notice of the pending action and the opportunity to opt-in the pending action).

**C. Content and dissemination of the proposed class notice**

As stated above, Plaintiff's proposed class notice (Doc. #10-1) is also before the Court. Court-authorized notice in a class action context helps to prevent "misleading

---

[2] It is important to note that this ruling is only preliminary, and Defendants may move for decertification of the conditionally certified class at the close of discovery on grounds that Plaintiff and the putative class members are not in fact similarly situated. See Vondriska v. Premier Mortg. Funding, Inc., 564 F. Supp. 2d 1330 (M.D. Fla. 2007).

communications" and ensures the notice is "timely, accurate, and informative." Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 171 (1989). "[T]he notice to the class should not appear to be weighted in favor of one side or the other." Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698, 2014 WL 235478, at *1 (M.D. Fla. Jan. 22, 2014). "[I]n exercising the discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality.  To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." Hoffmann-La Roche, 493 U.S. at 174.

Defendants advance four objections to the proposed notice. (Doc. #10-1). First, Defendants challenge any reference to their pay policies that implies the Court condones Plaintiff's position.  For instance, Defendants take issue with proposed language stating, "by virtue of Defendants' pay policies did not receive proper overtime compensation in weeks when they worked more than forty (40) hours." (Doc. #18 at 6 (citing Doc. #10-1 at 2)). According to Defendants, referencing their pay policies implies that the Court finds merits to Plaintiff's position. (Doc. #18 at 6-7). Defendants fear that recipients will infer that the Court has found their pay policies to be unlawful and, in turn, encourages them to join this suit. (Doc. #18 at 6).  The Court is unpersuaded.  The proposed notice repeatedly states that the Court has not made any decision on the merits of the parties' claims or defenses. (Doc. #10-1 at 1-2).  Such language reinforces the Court's neutrality and counters any implication that the Court endorses Plaintiff. See Palma, 2014 WL 235478, at *1 (determining the proposed class notice did not contain statements that showed an endorsement of plaintiffs' position where the notice contained statements reflecting the court's neutrality (footnote omitted)).

Second, Defendants argue that the proposed notice, as written, implies that there has been an actual finding of improper payment. (Doc. #18 at 7). For instance, the first paragraph reads that the notice is being sent to "ALL PERSONS . . . WHO DID NOT RECEIVE PROPER OVERTIME COMPENSATION IN WEEKS WHEN THEY WORKED MORE THAN FORTY (40) HOURS." (Doc. #10-1). The problem, as Defendants see it, is this language infers there has been an improper withholding of overtime. (Doc. #10-1). As there has been no finding to this effect, Defendants suggest that the Court adopt and apply the following language, which was approved in Joiner v. Groupware, Intern., Inc., No. 8:09-cv-1943-T-26MAP, 2010 WL 2136533, at *2 (M.D. Fla. May 27, 2010), another FLSA case involving cable installers paid a piece rate basis:

> ALL CURRENT AND FORMER CABLE INSTALLERS (TECHNICIANS) EMPLOYED BY [DEFENDANT] GROUPWARE INTERNATIONAL, INC., DURING THE PAST THREE (3) YEARS AND WHO RECEIVED A PRE-DETERMINED AMOUNT OF PAY ACCORDING TO THE JOB PERFORMED, I.E., PAID A 'PIECE RATE,' AND DID NOT RECEIVE ADDITIONAL PAY FOR ALL OVERTIME HOURS WORKED IN EXCESS OF FORTY (40) WITHIN A WORK WEEK PURSUANT TO THE FAIR LABOR STANDARDS ACT.

(Doc. #18 at 7). The Court agrees with Defendant to the extent the proposed notice's first paragraph should communicate neutral language akin to the language quoted above. Accordingly, Plaintiff is directed to file an amended proposed notice consistent with the foregoing.

Third, Defendants argue that the proposed notice fails to warn class members of the potential costs if Defendants prevail. (Doc. #18 at 7-8). The Court shares Defendants' concern. In general, notices to potential class members in FLSA cases should contain certain information. For example, notices should include language regarding potential

liability for costs and attorney's fees and appropriate definitions of the potential class. Teahl v. The Lazy Flamingo, Inc., No. 2:13-cv-833, 2015 WL 179367, at *7 (M.D. Fla. Jan. 13, 2015) (citations omitted).  Plaintiff's proposed class notice does not fully advise potential class members that Defendants may attempt to recover attorneys' fees and costs if Plaintiffs are unsuccessful.  See id. (rejecting a proposed class notice that did not warn potential class members of their responsibility of paying attorney fees if they were unsuccessful); Smith v. Cable Wiring Specialist, Inc., No. 2:14-cv-277, 2014 WL 4795160, at *3 (M.D. Fla. Sept. 25, 2014) (concluding "the notice should warn potential class members that, should [the defendant] prevail, all class members may be held responsible for [the defendant's] defense costs" (citation omitted)); Robbins-Pagel v. Puckett, No. 6:05-cv-1582-Orl-31DAB, 2006 WL 3393706, at *3 (M.D. Fla. Nov. 22, 2006) (finding plaintiff's proposed notification and opt-in form inadequate "because it fail[ed] to inform potential plaintiffs that, if they do opt-in and are unsuccessful on the merits of their claim, they may be responsible for the defendant's costs in this matter.  Any notice, to be approved by this Court, must include a full disclosure of the individuals' rights *and* responsibilities should they decide to opt-in to the suit.  Therefore, Plaintiff must amend the notice form to include such information.").  The Court, therefore, directs the parties to file a revised class notice to reflect more adequately the consequences for opt-in plaintiffs.

Fourth and finally, Defendants object to Plaintiff's request to mail electronically a follow-up notice to each potential class members who do not respond to the initial mailing. (Doc. #18 at 6; Doc. #10 at 19-20; Doc. #10-2).  The Court agrees with Defendants. "Sending a putative class member notice of this action is informative; sending them a 'reminder' is redundant."  Palma v. Metropcs Wireless, Inc., No. 8:13-cv-698, 2014 WL

235478, at *3 (M.D. Fla. Jan. 22, 2014) (citing Rojas v. Garda CL Southeast, Inc., No. 13-cv-23173, 2013 WL 6834657 (S.D. Fla. Dec. 23, 2013) ("[A] reminder notice is unnecessary and potentially could be interpreted as encouragement by the Court to join the lawsuit."); Robinson v. Ryla Teleservices, Inc., No. 11-cv-131, 2011 WL 6667338 (S.D. Ala. Dec. 21, 2011) (finding a reminder "would be at odds with the purpose for judicial notice-which is simply to inform potential class members of their rights. Once they receive that information, it is their responsibility to act as they see fit.")). Accordingly, Plaintiff may not email or otherwise send a reminder notice to the remaining class members prior to the expiration of the opt-in period.

Plaintiff also requests, to which Defendants do not object, that (1) the approved Court-authorized notice be mailed (with a self-addressed return envelope) to each potential class members by first class mail, (2) a copy of the notice be posted at each of Defendants' locations where cable installers are currently employed, and (3) the notice include an anti-retaliation provision. Defendants also do not object to the definition of the proposed class. As the parties agree on these matters and the Court sees no reason to disrupt the parties' agreement, the Court will grant them.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff David Trentman's Motion for Conditional Certification and Facilitation of Court-Authorized Notice Pursuant to 29 U.S.C. § 216 (Doc. #10) is **GRANTED in part and DENIED in part**. The Court conditionally certifies a class of current and former cable installers who worked for Defendants RWL Communications, Inc. and RWL Communications SE, Inc. between February

11, 2012, to the present, and who were paid a "piece-rate" plus overtime compensation for hours worked in excess of forty (40) within a work week but (1) were required to pay for gas used by company vehicles and/or for Defendants' tools or equipment; (2) were not paid for time spent driving between job sites; (3) were not paid for work performed at Defendants' shop; or (4) were not paid for "go backs."

(2) The parties are **DIRECTED** to file a joint amended proposed Court-authorized Class Notice for the Court's approval on or before **May 18, 2015**, that is consistent with this Order.

(3) Defendants RWL Communications, Inc. and RWL Communications SE, Inc., are **DIRECTED** to produce, in electronic readable format, to Plaintiff a list containing the full names, last known addresses, telephone numbers, email addresses, and dates of employment for all putative class members who worked as cable installers for Defendants between February 2012 to the present, as described above on or before **May 18, 2015**.

(4) All individuals whose names appear on the list produced by Defendants shall have **sixty (60) days** from the date the notices are initially mailed to file a Consent to Become Opt-In Plaintiffs form.

**DONE** and **ORDERED** in Fort Myers, Florida this 4th day of May, 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record