## Settlement Agreement

1.  Plaintiff David Trentman, on his own behalf and on behalf of all similarly situated (hereinafter referred to as "Plaintiffs"), filed suit ("the Lawsuit") in the United States District Court, Middle District of Florida, Fort Myers Division on February 11, 2015 against RWL Communications, Inc. and RWL Communications SE, Inc. (hereinafter referred to as "Defendants").

2.  Plaintiffs allege that they are owed unpaid wages pursuant to the Fair Labor Standards Act ("FLSA). Defendants deny Plaintiffs' allegations.

3.  Plaintiffs filed a motion for conditional class certification pursuant to Sec. 16(b) of the FLSA on February 25, 2015 [D.E. 10]. Defendants opposed Plaintiffs' motion on April 17, 2015. [D.E. 18]. The Honorable Court on May 5, 2015 granted in part and denied in part Plaintiffs' motion to certify class. [D.E. 22].

4.  The parties litigated the Plaintiffs' claims through the date of mediation on August 6, 2015. Individualized written discovery was conducted by the Plaintiffs and Defendants provided hundreds of pages of records reflecting Plaintiffs' hours worked, rates of pay, and payroll deductions.

5.  On August 6, 2015 the parties conducted a full day mediation in Tampa, Florida with Mediator Hunter Hughes, Esq. of Atlanta, Georgia. The parties, with the advice of counsel, reached an agreement during mediation which fully and finally resolves the claims in the Lawsuit.

6.  The individuals identified in the Attachment to this Agreement (hereinafter referred to as the "Spreadsheet") are the Opt-in Plaintiffs. Each Opt-In

Plaintiff authorized David Trentman to prosecute the Lawsuit on their behalf and to make decisions on the case including resolution of their wage and hour claims raised in the Lawsuit. Trentman has negotiated a settlement on his behalf on the behalf of Opt-ins. The monetary payouts to each Opt-in plaintiff are marked as "Back Wages Paid," "Base Allocation" and "Total Paid" in the Spreadsheet. Defendants agree to pay these amounts to the Plaintiff and each Opt-In Plaintiff.

7. Defendants agree to pay Plaintiffs' attorneys' fees and costs separately from the amounts payable to the Plaintiff and Opt-In Plaintiffs. Plaintiffs and Morgan & Morgan agree to accept $63,890.00 from Defendants as a compromised amount of attorneys' fees and costs incurred on Plaintiffs' behalf in the Lawsuit.

8. Payments shall be made as follows:

a. **First Payment**: A total of **$100,000.00** shall be paid to Plaintiffs and their counsel within **ten (10) days** of Court Approval of this Agreement as follows:

i. Plaintiffs' Payments: Defendants will issue separate checks to each Plaintiff and Opt-in Plaintiff in the amount of 50% of the "Total Paid" amounts per Plaintiff listed on the Spreadsheet (for a total of $68,055.00) and for which Defendants shall issue IRS Forms 1099.

ii. Payment to Plaintiffs' Counsel: Defendants will issue a separate check to Morgan & Morgan, P.A. in the amount of $31,945.00 and for which Defendants shall issue an IRS Form 1099.

  b. **Second Payment**: A total of **$33,333.33** shall be paid to Plaintiffs and their counsel within **thirty (30) days** of the "First Payment" outlined in paragraph 8.a. above:

    i. **Plaintiffs' Payments**: Defendants will issue separate checks to each Plaintiff and Opt-in Plaintiff in the amount of 16% of the "Total Paid" amounts per Plaintiff listed on the Spreadsheet (for a total of $22,685.00) and for which Defendants shall issue IRS Forms 1099.

    ii. **Payment to Plaintiffs' Counsel**: Defendant will issue a separate check to Morgan & Morgan, P.A. in the amount of $10,648.33 and for which Defendants shall issue an IRS Form 1099.

  c. **Third Payment**: A total of **$33,333.33** shall be paid to Plaintiffs and their counsel within **sixty (60) days** of the "First Payment" outlined in paragraph 8.b. above:

    i. **Plaintiffs' Payments**: Defendants will issue separate checks to each Plaintiff and Opt-in Plaintiff in the amount of 16% of the "Total Paid" amounts per Plaintiff listed on the Spreadsheet (for a total of $22,685.00) and for which Defendants shall issue IRS Forms 1099.

    ii. **Payment to Plaintiffs' Counsel**: Defendant will issue a separate check to Morgan & Morgan, P.A. in the amount of $10,648.33 and for which Defendants shall issue an IRS Form 1099.

    d.    **Fourth (Final) Payment**: A total of **$33,333.34** shall be paid to Plaintiffs and their counsel within **ninety (90) days** of the "First Payment" outlined in paragraph 8.a. above:

        i.    **Plaintiffs' Payments**: Defendants will issue separate checks to each Plaintiff and Opt-in Plaintiff in the amount of 16% of the "Total Paid" amounts per Plaintiff listed on the Spreadsheet (for a total of $22,685.00) and for which Defendants shall issue IRS Forms 1099.

        ii.    **Payment to Plaintiffs' Counsel**: Defendant will issue a separate check to Morgan & Morgan, P.A. in the amount of $10,648.34 and for which Defendants shall issue an IRS Form 1099.

9.    Defendants agree to timely pay all monies. Time is of the essence. All payments shall be tendered to Plaintiffs' counsel on or before the date they are due c/o Bernard R. Mazaheri, Esq. at Morgan & Morgan, PA, 20 N. Orange Ave., Suite 1400, Orlando, Florida 32801. The parties incorporate the mediation term sheet agreement into this agreement.

10.    If Defendants fail to timely pay in accordance with this Agreement the parties agree that Plaintiffs shall have the right to enter judgment against Defendants, jointly and severally in a forum of their choosing. Plaintiffs will be entitled to liquidated damages, prejudgment interest, post judgment interest, attorneys' fees and costs. In any action to enforce the terms of this Agreement, the

prevailing party shall be entitled to an award of reasonable attorneys' fees and costs.

11.     In exchange for the payments outlined in Paragraph 8 above, Plaintiffs agree to fully and finally release Defendants, its owners, agents, directors, officers, employees, representatives, parent companies, divisions, subsidiaries, affiliates, and all persons acting by, through, under or in concert with any of them, including any party who could have been named as a defendant in the Litigation (collectively, the "Releasees") from any and all past and present matters, claims, demands and causes of action of any kind whatsoever, whether at common law, pursuant to statute, ordinance or regulation, in equity or otherwise, and whether arising under federal, state or other applicable law, which any such Plaintiff has or might have, whether known or unknown, asserted or unasserted, or any kind whatsoever, that are based upon or arise out of the facts, acts, transactions, occurrences, events or omissions alleged in the Lawsuit and that arose during the time that such Plaintiff worked for Defendants as a technician  up to and including the date of this Agreement ("Released Claims") . The Released Claims include without limitation claims asserted in the Lawsuit and any other claims based on alleged state or federal law governing minimum wage, overtime pay, compensability of wait time, on-call time, standby time or reporting time; claims made arising out of deduction for tools or uniforms, gas payments, alleged kickback as cited ion Complaint, and penalties under the foregoing, including without limitation claims under the Fair Labor Standards Act ("FLSA") and the statutes and regulations of all applicable

states and municipalities that govern the subject matter of the nonexclusive list of Released Claims identified above in this Section. Notwithstanding the release language above, this Release does not include and shall not operate as a Release of claims or damages that are not in the nature of a wage claim. Such claims include, but may not be limited to, discrimination claims brought pursuant to state or federal law, common law torts, whistleblower or retaliation claims, unemployment or worker's compensation benefits or other common law or statutory claims other than those specifically intended to seek compensation for unpaid or underpaid wages or overtime. Contractual, quasi-contractual, common law, or statutory claims that seek wages are released as a result of this agreement.

12. Copies shall have the same force and affect as the original agreement.

13. Plaintiffs and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

14. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent

written agreement signed by both Plaintiff and an authorized representative of Defendants.

15. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

16. The law governing this Agreement shall be that of the United States and the State of Florida.

Agreed to by the parties,

| | |
|---|---|
| David Trentman, on his behalf and on behalf of all similarly situated, | Date |
| *[signature]* | 8-12-15 |
| RWL Communications, Inc. | Date |
| *[signature]* | 8-12-15 |
| RWL Communications SE, Inc. | Date |