UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID TRENTMAN, individually and on
behalf of all similarly situated,

       Plaintiff(s),

v.                                          Case No:  2:15-cv-89-FtM-38CM

RWL COMMUNICATIONS, INC. and
RWL COMMUNICATIONS SE, INC.,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff David Trentman and Defendants RWL Communications, Inc. and RWL Communications SE, Inc.'s Joint Motion for Order Approving Settlement of Collective Action (Doc. #55) filed on August 13, 2015.  The undersigned held a preliminary pretrial conference on August 17, 2015, at which time the parties discussed their settlement.  (Doc. #57).

The underlying facts have been recounted at length in the Court's prior opinion and need not be repeated here.  (Doc. #22).  In short, Plaintiff, on behalf of himself and other similarly situated individuals, brought this action against Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19.  (Doc. #1).  According to

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff, Defendants' wage and hour policies deprived him and his fellow cable installers of adequate compensation.

On May 4, 2015, the Court conditionally certified this case as a collective action. (Doc. #22). Thereafter, 143 individuals joined this case. The parties also engaged in formal discovery; Plaintiff conducted individualized written discovery and Defendants provided records of Plaintiffs' hours worked, rates of pay, and payroll deductions. (Doc. #55 at 3).

On August 6, 2015, the parties settled this case at mediation based on the advice of counsel and evidence exchanged during discovery. (Doc. #55 at 3). The parties agreed to settle the claims of all opt-in Plaintiffs for $136,110.00. (Doc. #56-1; Doc. #58). This amount is based on a formula created from the payroll records and total number of workweeks for each opt-in Plaintiff. (Doc. #55 at 6). The payment will be divided into four (4) installments, the last of which Defendants will make 100 days after the Court approves the Settlement Agreement. (Doc. #56-1 at 2-4). In addition, the parties have independently agreed to pay Plaintiffs' counsel $63,890.000 in attorneys' fees and costs. (Doc. #56-1 at 2). This amount was negotiated separately without regard to the amount paid to Plaintiffs in settlement of the FLSA claims. (Doc. #55 at 6).

The parties now jointly move the Court to approve the Settlement Agreement as a fair and reasonable resolution of a bona fide dispute. (Doc. #55). For the reasons set forth herein, the Court approves the settlement.

## **LEGAL STANDARD**

The Eleventh Circuit Court of Appeals has explained that litigants can settle FLSA claims in two ways. First, an employee may settle and waive claims under the FLSA if the Secretary of Labor supervises the payment of unpaid wages by the employer to the

2

employee. See 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982). Second, an employee may settle and waive claims under the FLSA if the parties present to a district court a proposed settlement agreement, and the court enters a judgment approving the settlement. See *Lynn's Food*, 679 F.2d at 1353.

For the second method, applicable in this case, the court must scrutinize the parties' settlement agreement and determine whether it is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. *Lynn's Food*, 679 F.2d at 1354-55. If the parties' settlement reflects a reasonable compromise, the court may approve the settlement "to promote the policy of encouraging settlement in litigation." *Lynn's Food*, 679 F.2d at 1354. In deciding whether a settlement is fair and reasonable, the court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel." *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." *Id.* (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

After careful consideration of the applicable law and the parties' joint motion, Settlement Agreement, and representations at the August 17, 2015 hearing, the Court finds their settlement to be a fair and reasonable resolution. See *Lynn's Foods*, 679 F.2d at 1355. The Court finds no evidence of fraud or collusion behind the settlement. The Settlement Agreement is the product of mediation and negotiations handled by competent counsel who diligently researched and litigated the matters in dispute. Mediation also

came on the heels of extensive discovery that included written discovery and the exchange of records that reflected Plaintiffs' hours worked, rates of pay, and payroll deductions. (Doc. #56-1 at 1). For obvious reasons, litigating and trying a 143-plaintiff collective action will be complex and expensive. Thus, the settlement provides a substantial benefit to Plaintiffs, without the delay, burden, and risks of continued litigation. Moreover, Plaintiffs filed a chart summarizing the recovery that each opt-in Plaintiff will receive. (Doc. #55-2). The parties and their counsel represent these amounts to be fair and reasonable, and the Court sees no reason to disagree. Finally, the Court need not determine the reasonableness of the attorneys' fees, costs because they were agreed upon separately, and without regard to the amount paid to Plaintiffs. See *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009).

Accordingly, it is now

**ORDERED:**

(1) Plaintiff David Trentman and Defendants RWL Communications, Inc. and RWL Communications SE, Inc.'s Joint Motion for Order Approving Settlement of Collective Action (Doc. #55) is **GRANTED**.

(2) The Settlement Agreement (Doc. #56-1) is **APPROVED** as fair and reasonable.

(3) This case is **DISMISSED without prejudice** subject to the right of any party, within 100 days from the date of this Order, **December 3, 2015**, to submit a stipulated form of final judgment or request an extension of time to do so, or for any party to move to reopen the case upon a showing of good cause. See M.D. Local R. 3.08(b). Once the 100-day period expires, this dismissal shall be deemed **with prejudice** without further order.

(4) The Clerk of the Court is **DIRECTED** to terminate any previously scheduled deadlines and pending motions, and **administratively close** the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 26th day of August, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record